IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

FILED
U.S. DISTRICT COURT

2010 DEC 21  PM 4: 02

CLERK _____
SO. DIST. OF GA.

WARREN SKILLERN,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        CV 610-044
                                    )
B. AVANT EDENFIELD, Federal Judge,  )
WILLIAM T. MOORE, Federal Judge,    )
JAMES E. GRAHAM, Magistrate Judge,  )
G.R. SMITH, Magistrate Judge,       )
MAILROOM SUPERVISOR AT              )
GEORGIA STATE PRISON,               )
                                    )
            Defendants.             )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate currently confined at Georgia State Prison, in Reidsville, Georgia,

commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and

seeks permission to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history

of case filings and his complaint in this case, the Court, for the reasons set forth below,

**REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc.

no. 2) and that this action be **DISMISSED** without prejudice.

I.    **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply

with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II.    DISCUSSION

### A.    Prior Filing History

Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Skillern v. Georgia Dep't of Corr., CV 202-064 (N.D. Ga Sept. 4, 2002) (dismissed for failure to state a claim); (2) Skillern v. Gault, CV 202-028 (N.D. Ga. Apr. 19, 2002) (dismissed for failure to state a claim); and (3) Skillern v. Valente, CV 202-166 (N.D. Ga Nov. 19, 2002) (dismissed as frivolous).

In each of these cases, Plaintiff filed a complaint that was dismissed for failure to

---

[1]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

state a claim or dismissed as frivolous. Therefore, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. No "Imminent Danger" or Other Exception to § 1915(g)

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in the above-captioned complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced the above-captioned matter, and Plaintiff's other arguments against application of § 1915(g) are unpersuasive.

Plaintiff claims that Defendants have violated his right to access to the courts. (See generally doc. no. 1.) Plaintiff contends that the Honorable B. Avant Edenfield, United States District Judge, improperly issued an order to his warden to interdict any mail sent by him to any federal court. (Id. at 2 (citing In re Warren Skillern, MC 606-001, doc. no. 1 (S.D. Ga. June 15, 2006) (hereinafter "MC 606-001").) According to Plaintiff, Judge Edenfield's order "has a deleterious effect" on the various federal cases he has filed or plans to file, as he still allegedly suffers from interference with his mail, despite the order no longer being in effect. (Id.) Plaintiff further alleges violations of his "right to sue" based on the other Defendants' adjudication of lawsuits filed by Plaintiff concerning events that allegedly resulted from Judge Edenfield's order in MC 606-001. (Id. at 2-4.)

These allegations of judicial improprieties and improper interference with mail

affecting Plaintiff's access to the courts are plainly inadequate to bring Plaintiff's case within the imminent danger exception in § 1915(g). Cf. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (allegation of total withdrawal of treatment for serious disease sufficient to bring plaintiff's case within imminent danger exception). However, Plaintiff argues that, with or without an allegation of imminent danger, § 1915(g) should not apply because Defendants' conduct allegedly violates his right to access to the courts regardless of whether he prepays the entire filing fee. (Doc. no. 2, p. 1.)

The Court rejects this argument. First, while Plaintiff asserts that the Eleventh Circuit has not held § 1915(g) applicable under the precise circumstances of this case (see id.), he has not cited any authority in support of this expanded exception to the three-strike rule of § 1915(g). As Plaintiff acknowledges, the Eleventh Circuit has held that § 1915(g) does not violate an inmate's right to access to the courts. Rivera, 144 F.3d at 727. Moreover, the statutory language of § 1915(g) makes clear that a prisoner who is subject to the three-strike rule may not proceed IFP unless he qualifies for the one exception provided for in the statute – being under imminent danger of serious physical injury. The Court is without authority to create another exception to § 1915(g)'s three-strike rule based on the circumstances of this case, which is what Plaintiff argues for here.

Plaintiff also asserts that he should be permitted to proceed IFP because his "complaint identifies a habeas issue which is not subject to § 1915(g)." (See doc. no. 2, p. 1 n.2.) Plaintiff does not specify which part of his complaint – which is styled as a "Prisoner Civil Rights Action 42 U.S.C. § 1983" – constitutes this "habeas issue." (Doc. no. 1.) To the extent that Plaintiff seeks habeas corpus relief, he must submit a petition in a separate

case setting forth his claims for such relief so that the Court can determine whether such claims comply with the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214. See generally 28 U.S.C. § 2244; see also Hill v. Unknown, CV 108-3715, 2008 U.S. Dist. LEXIS 102248, at *8 (N.D. Ga. Dec. 18, 2008) ("The re-characterization of a filing as a habeas corpus petition is disfavored."). Accordingly, Plaintiff's reference to an unidentified "habeas issue" does not justify granting his request to proceed IFP.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 21st day of December, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5